| | |
|---|---|
| PENNY ELIZABETH TODD, | ) |
| Plaintiff/Claimant, | ) |
| v. | ) **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-23, DE-25] pursuant to Fed. R. Civ. P. 12(c). Claimant Penny Elizabeth Todd ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial of her applications for a period of disability and Disability Insurance Benefits ("DIB").[1] The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is denied, Defendant's Motion for Judgment on the Pleadings is allowed, and the final decision of the Commissioner is upheld.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on July 24, 2012, alleging disability beginning March 3, 2012. (R. 18, 158-62). Her claim was denied initially and upon reconsideration. (R. 18, 96-99, 104-11). A hearing before the Administrative Law Judge

---

[1] Claimant originally sought Supplemental Security Income ("SSI") payments as well, but did not pursue that claim beyond the initial level.

("ALJ") was held on April 24, 2014, at which Claimant was represented by counsel and a vocational expert ("VE") appeared and testified. (R. 29-62). On May 12, 2014, the ALJ issued a decision denying Claimant's request for benefits. (R. 15-28). On October 7, 2015, the Appeals Council denied Claimant's request for review after incorporating additional evidence into the record. (R. 1-6). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence

2

and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

In this case, Claimant alleges that the ALJ erred by failing to properly weigh the medical opinion evidence. Pl.'s Mem. [DE-24] at 8-14.

3

## IV. FACTUAL HISTORY

### A. ALJ's Findings

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant was no longer engaged in substantial gainful employment. (R. 20). Next, the ALJ determined Claimant had the following severe impairments: arthritis, carpal tunnel syndrome, and biliary cirrhosis. *Id*. However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20-21).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform sedentary work[2] with the following limitations: occasional climbing of ladders and scaffolds; frequent stooping, crouching, kneeling, and crawling; frequent climbing of ramps and stairs; occasional balancing; frequent handling and fingering; and must avoid moving heavy-duty machinery and concentrated exposure to heights. (R. 21). In making this assessment, the ALJ found Claimant's statements about her limitations not fully credible. (R. 22-23). At step four, the ALJ concluded Claimant had the RFC to perform the requirements of her past relevant work. (R. 23).

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id*.

4

## V. DISCUSSION

### A. The ALJ's Consideration of the Medical Opinion Evidence

Claimant contends that the ALJ erred in evaluating the medical opinion evidence by failing to reconcile a functional capacity evaluation ("FCE") and the opinion of her treating rheumatologist, Dr. Snow, and by failing to evaluate Dr. Snow's opinion pursuant to 20 C.F.R. § 404.1527. Pl.'s Mem. [DE-24] at 8-14. In response, the Commissioner argues that Claimant's arguments are moot because Claimant admitted she could have continued performing her past relevant work as of the alleged disability onset date; the ALJ correctly found that Claimant could perform her past relevant work despite her manipulative limitations; and substantial evidence supports the ALJ's consideration of the medical opinion evidence. Def.'s Mem. [DE-26] at 13-17. The question for this court on review is whether substantial evidence supports the ALJ's findings, *see Coffman*, 829 F.2d at 517, and accordingly the court will not consider the Commissioner's argument about the effect of any purported admissions. The court must thus consider whether substantial evidence supports the ALJ's consideration of the medical opinion evidence.

When assessing a claimant's RFC, the ALJ must consider the opinion evidence. 20 C.F.R. § 404.1545(a)(3). Regardless of the source, the ALJ must evaluate every medical opinion received. *Id.* § 404.1527(c). In general, the ALJ should give more weight to the opinion of an examining medical source than to the opinion of a non-examining source. *Id.* § 404.1527(c)(1). Additionally, more weight is generally given to opinions of treating sources, who usually are most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability, than non-treating sources such as consultative examiners. *Id.* § 404.1527(c)(2). Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." *Craig*,

5

76 F.3d at 590 (quotations & citations omitted). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*; *see Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (stating "[t]he ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence").

If the ALJ determines that a treating physician's opinion should not be considered controlling, the ALJ must then analyze and weigh all of the medical opinions in the record, taking into account the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist. *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). The ALJ is not required, however, to discuss all of these factors. *Ware v. Astrue*, No. 5:11-CV-446-D, 2012 WL 6645000, at *2 (E.D.N.C. Dec. 20, 2012) (unpublished) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Munson v. Astrue*, No. 5:08-CV-110-D(3), 2008 WL 5190490, at *3 (E.D.N.C. Dec. 8, 2008) (unpublished)). While an ALJ is under no obligation to accept any medical opinion, *see Wireman v. Barnhart*, No. 2:05-CV-46, 2006 WL 2565245, at *8 (W.D. Va. Sept. 5, 2006) (unpublished), the weight afforded such opinions must nevertheless be explained. S.S.R. 96-2p, 1996 WL 374188, at *5 (July 2, 1996); S.S.R. 96-6p, 1996 WL 374180, at *1 (July 2, 1996). An ALJ may not reject medical evidence for the wrong reason or no reason. *Wireman*, 2006 WL 2565245, at *8. "In most cases, the ALJ's failure to consider a physician's opinion (particularly a treating physician) or to discuss the weight given to that opinion will require remand." *Love-Moore v. Colvin*, No. 7:12-CV-104-D, 2013 WL 5350870, at *2 (E.D.N.C. Sept. 24,

6

2013) (unpublished) (citations omitted). However, "[i]n some cases, the failure of an ALJ to explicitly state the weight given to a medical opinion constitutes harmless error, so long as the weight given to the opinion is discernible from the decision and any grounds for discounting it are reasonably articulated." *Bryant v. Colvin*, No. 5:11-CV-648-D, 2013 WL 3455736, at *5 (E.D.N.C. July 9, 2013) (unpublished) (internal quotation marks and citations omitted).

The opinions at issue here are an FCE completed on December 28, 2012 by LeNeve Duncan, a physical therapist, and a letter written on July 1, 2013, by Dr. Snow, Claimant's treating rheumatologist. (R. 475, 480-94). Dr. Snow's letter states as follows:

> [t]he patient is followed for inflammatory arthritis for which she takes hydroxychloroquine. The patient has exacerbation of the hands with activities of the hands such as typing. This makes it difficult for her to maintain a position which requires repetitive movements of the hands. The patient also has exacerbation of the carpal tunnel syndrome that is associated with the inflammatory arthritis. I expect the patient's condition to be problematic for the next 12 months.

(R. 475). The FCE documented that Claimant had some limitations in the use of her hands. (R. 482) (Claimant's range of motion was minimally limited in bilateral shoulders and the left hand; her grip and pinch strength were decreased; and she could occasionally use her hands to work at an elevated surface with intermittent rest periods); (R. 485) (Claimant had minimal decrease in the ability to completely flex the fingertips of her left hand to her palm); (R. 488) (Claimant had pain in her left hand, palmar aspect across metacarpals). Even so, the FCE concluded that Claimant could tolerate a sedentary level of work for a full eight-hour work day and 40-hour work week and did not impose any limitations on Claimant's ability to perform work at that level. (R. 483).

In considering the opinion evidence, the ALJ noted the following:

> [t]he claimant experiences some limitations resulting from her impairments. However, the evidence does not support a finding of disability. The claimant did not

7

stop working due to a medical condition, but because her office closed. She was
offered another job but declined. The medical evidence indicates that her biliary
cirrhosis is stable, and physical examinations have routinely shown normal range of
motion and grip strength. The claimant reported to the consultative physician that
she did the cooking and cleaning at home. Function Reports completed by the
claimant and her sister (Exhibits 4E, 5E) indicate that the claimant is able to cook,
wash dishes, do laundry, sweep, mop, mow, shop, and attend church. It is significant
that both the claimant and her sister reported that the claimant knits, which is an
activity that requires significant use of the hands.

As for the opinion evidence, significant weight is given to the [FCE] indicating that
the claimant is capable of performing sedentary work. While the state agency
medical consultant determined that the claimant is capable of performing light work,
the undersigned finds that a [RFC] for sedentary work is appropriate. The
undersigned has considered the opinion of Dr. Snow indicating that the claimant has
difficulty with repetitive movements of the hands. However, based on the claimant's
report of her activities of daily living, including knitting, the undersigned finds that
this opinion is overly restrictive.

(R. 23).

Claimant contends that both Dr. Snow's opinion and the FCE significantly limited Claimant's use of her hands. Pl.'s Mem. [DE-24] at 8-9. Additionally, because Dr. Snow commissioned the FCE and based his conclusion about Claimant's ability to use her hands on that report, Claimant argues that the ALJ's decisions to afford the FCE significant weight and to find that Dr. Snow's opinion was overly restrictive are irreconcilable. *Id.* Claimant's argument misstates the findings of the FCE, however. Despite noting some limitations in Claimant's ability to use her hands, the FCE concluded that Claimant could perform work at the sedentary level without any further restrictions. (R. 483). Accordingly, there is no inherent conflict in the ALJ's decision to find that Dr. Snow's opinion which imposed such limitations was overly restrictive while at the same time affording significant weight to the FCE.

Additionally, Claimant argues that the ALJ erred by failing to explicitly assign weight to Dr.

8

Snow's opinion and address all of the factors in 20 C.F.R. § 404.1527, specifically that Dr. Snow is a rheumatologist and has treated Claimant for five years. Pl.'s Mem. [DE-24] at 8-14. Here, the ALJ found that Dr. Snow's opinion limiting Claimant's use of her hands was overly restrictive based on her reported activities of daily living, particularly knitting. (R. 23). Indeed, the record contains two Function Reports describing Claimant's activities. Claimant's sister stated that Claimant may knit, occasionally feeds her pets, can tend to her personal hygiene but has problems with buttons, zippers, and hooking jewelry, prepares meals daily but does not use the stove top, and performs light cleaning such as watering flowers, making the bed, and folding laundry. (R. 188-95). Claimant stated that she does laundry for her husband and helps with supper, feeds her pets, is able to dress herself and do her hair until her arms get tired, she usually cooks a complete meal for supper if she is not too tired and it takes her two hours, she has trouble using a knife to cut and lifting heavy pans and dishes, she washes dishes, does laundry, sweeps and mops, and does the mowing, and she knits when she feels like it, usually three to four days a week. (R. 196-203).

The ALJ may properly consider a claimant's reported activities when determining whether a medical opinion is consistent with the record evidence. *See Scott v. Colvin*, No. 5:14-CV-291-RJ, 2015 WL 5607830, at *8-9 (E.D.N.C. Sept. 23, 2015) (unpublished) (holding that substantial evidence supported the ALJ's decision to afford limited weight to a physician's opinion where it was incongruent with the treatment notes and the claimant's reported activities); *accord Benefiel v. Astrue*, No. 7:11-CV-82-D, 2012 WL 3000186, at *5-7 (E.D.N.C. May 31, 2012) (unpublished), *adopted by* 2012 WL 2992722 (E.D.N.C. July 20, 2012). It is insufficient for the Claimant to point to other record evidence and argue that the ALJ's decision is unfounded, *Frazier v. Astrue*, No. 4:06-CV-254-FL, 2008 WL 138050, at *14 (E.D.N.C. Jan. 10, 2008) (unpublished), as this invites the

9

court to re-weigh the evidence and substitute its own conclusions for those of the Commissioner, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). While some evidence in the record might support Dr. Snow's opinion regarding Claimant's limitations in using her hands, there is more than a "scintilla of evidence" supporting the ALJ's decision that Dr. Snow's opinion was overly restrictive. *See Dunn v. Colvin*, 607 F. App'x 264, 271 (4th Cir. June 1, 2015) (unpublished) (concluding the ALJ did not err in affording limited weight to a treating source's opinion where "there is more than a 'scintilla of evidence' in the record supporting the ALJ's conclusion that [the physician's] opinion is incongruent with both his own treatment notes and some of the other medical evidence in the record.").

Claimant also argues that the ALJ failed to discuss the fact that Dr. Snow is a specialist and had treated her for five years, in violation of 20 C.F.R. § 404.1527. The ALJ is not required, however, to explicitly discuss all of the factors. *Ware*, 2012 WL 6645000, at *2 (citing *Oldham*, 509 F.3d at 1258; *Munson*, 2008 WL 5190490, at *3). And while Claimant takes issue with the ALJ's statement that Dr. Snow's opinion is overly restrictive and argues that it is not indicative of the weight given to that opinion, the ALJ's language indicates that the ALJ afforded little weight to the restrictions imposed by Dr. Snow on Claimant's ability to use her hands. Moreover, even if ALJ erred, it would be harmless error where here, "the weight given to the opinion is discernible from the decision and [the] grounds for discounting it are reasonably articulated." *Bryant*, 2013 WL 3455736, at *5 (internal quotation marks and citations omitted). Accordingly, substantial evidence supports the ALJ's consideration of the medical opinion evidence.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-23] is

DENIED, Defendant's Motion for Judgment on the Pleadings [DE-25] is ALLOWED, and Defendant's final decision is affirmed.

So ordered, this the 17 day of March, 2017.

Robert B. Jones, Jr.
United States Magistrate Judge